He's losing it from the base. Next case is number 06-1276, Bass Pro Trademarks against Cabela's Incorporated. Mr. Ross. Thank you, Your Honor. Excuse the court.  The proceeding down below was a summary contempt proceeding in which the court found infringement and thus issued his order of contempt and penalties. It was understood going into the proceeding that Cabela's was not- Why do you argue that it's a backpack? You don't need to argue it's a backpack. You just need to argue it's not a vest, right? It's true, Your Honor, but we give it a name and we give it a name as a backpack. But it's not a vest. And we do argue that it's a backpack because we liken it to the Veronikis prior art, which caused, precipitated the claim to be amended from garment, which was a broad word, and the examiner on the panel thought it was a broad word, to vest. And we believe it matches up with Veronikis, which is a backpack. The limitation in the claim, all the other limitations in the claim were admitted to our easy chair combo. And the only one that was disputed was this term, vest. The district court determined that vest in and of itself, that word, was not a limitation that had to be interpreted. It interpreted the word vest on the basis of the features that were in the comprising clauses following the word vest. However, we submit that the term vest is itself a limitation for two reasons. One, it was, as I just mentioned, it was a claim that was, it was a word, a term that was added to the claim as the result of patent prosecution, as a result of a rejection claim over Baranakis. The claim was then, the term garment, which was the original word, was then amended to vest. The comprising clauses were kept the same, that is, the comprising clauses that also described garment. Now, garment was changed to vest, but the same comprising clauses were there. Nevertheless, the applicant argued that this was a distinction over Baranakis. Therefore, vest became a limitation in the claim. It appears in the body of the claim, not the preamble, and it is a newly added term. Where does it appear in the body? Well, the claim, the claim language starts off with a combination of vest and individual seat number. But I thought in patent tease, everything before comprising was in the preamble. That's true in the sense of introductory language, which is another word I might use for a preamble. But throughout the claim, the claim writer used the word comprising to describe further desired features of an element. The whole claim is not a preamble, of course. So therefore, what we find is that the combination of vest and pivotal seat number is then detailed in the body of the claim by these various elements. Vest becomes an element as well as seat. No one's denying that seat is an element of the claim, and it appears in the same form that vest does. Well, it's a, once you have departed from, once you get on the right-hand side of comprising, you have a dorsal member and a shoulder support means, right? Right. That's it. Right? That's true. And that could describe a backpack, right? Correct. Right. In the sense that if vest is no more than what's called for in the comprising claim, and then it would read on the back, it would read on my jacket, it would read on an overcoat, it would read on anything that has some back garment area, and a shoulder support. It'd read on a cape. But the point is that in writing claims, we have, once we get into the elements of the claim, which again I submit... It would read on a t-shirt that the kid ripped the front off of and left a bit of the arms. That's correct. It would read on a t-shirt with a whole front or with no front. But what becomes of the word vest in this claim? And that's our point. If vest was added to this claim in distinguishing over veronikis, then as Judge Dyke said, we... It would have been easy, and while you're standing there in front of the examiner, traversing the rejection to get vest on the right-hand side of comprising in the sentence. Well, of course, we're not padded applicants, but I think it would have been... I think it was understood by the examiner, now I'm in the shoes of the applicant, but it was understood by the examiner that the change from garment to vest was doing something, had some limitative effect. Otherwise, why do it? If this word... And the word vest appears a few times in the claim. If this changing word made no difference, then why do it? There was no other reason to do it. And again, I point out that during the prosecution history, in the remarks accompanying the amendment, vest is discussed, the distinction of vest is discussed. Veronikis is distinguished on the basis that it does not have a vest or a garment to which the seat is attached. Let me go to the second reason that vest is a limitation in the claim. And this, the accused device now, is the same as the old device for which you were consented to infringement with the side panels taken off, right? Correct, with what we would call the vest feature taken off. What we say a vest... And there's, I believe, plenty of evidence in the intrinsic record, as well as extrinsic evidence in the form of a dictionary definition. But what we say distinguishes a vest from other garments, or at least certainly from a backpack, is it has to have some frontal portion, the frontal blouse member that's covering the front part of the torso, which is what occurred in our original turkey vest, Cabela's turkey vest, which they admitted was infringing and took an injunction against. The second reason that vest is an element in the claim, I can put to one side whether or not there was a disclaimer during prosecution of the backpack. Again, vest appears in the claim, it's in the body of the claim, it's past the preamble as our position, it's past the introductory language. The only two elements are vest and seat in the claim, so it can't all be preamble. The word vest means something. It means something more than just a thing. It means something more than just any old garment. It has some specificity to it. In the form in which claims are written, using the word comprising here, when we're talking about an element of a claim, the comprising clause is being used just to draw out desired features for the element. It is not replacing, as we would argue, it's not replacing the definition of the element. If we give an example in our brief, if we called something originally a hand tool, comprising a rubber grip and a working surface, and then it was amended to read a hammer comprising a rubber surface, a rubber grip and a working surface, it wouldn't have the same scope. There has to be some meaning given to these terms in the claim. The Veronikis prior art reference, when it was distinguished, it was said that it did not comprise, it did not have a vest or garment to which the seat was attached. In that sense, it was being put to one side away from the scope of the claim. We say that that is a disclaimer. I would also have to go back to that second element. I forgot something. The reason that you put these desired elements or these desired features after the comprising word, but still the element preceding the comprising word is a limitation, is that you might need to connect up those features in writing the claim. That's exactly what's happening here. It calls out the dorsal members, as Judge Clevenger mentioned, and then later on in the claim it talks about the seat having straps connected to the dorsal members. It would have been fine for this claim to be written as a vest and then go on to a seat, but the reason they had the comprising is because the claim writer is writing certain features that are desired or necessary to connect up with the other features of the combination. But the trial judge said that he didn't see any reason why just removing this front little piece changed anything. The trial judge, we believe, was focused very much on the pivotal seat as being what he called the heart of the invention. I would say that there might be some... And that may very well have been just in the practical world of showing infringement where the court felt this is where the interaction, the infringement took place, was the way it was hooked up. And the trial judge may have felt that, and I believe that's true, but on the other hand, this proceeding was purely on a literal infringement basis. In the trial judge's opinion, J.A. 5 in the appendix, it's indicated this is not doctrine of equivalence. We're just talking about literal infringement, which means that we have to look at every element of the claim, every word in the claim, and find it matching up in the accused's device, and that's what we're talking about here. Whether the seat behaves the same as connected to a dorsal member of our backpack is one thing that might have some significance in the doctrine of equivalence analysis, but here we were only charged with, or the basis for the action was literal infringement. Was all of that required in a contempt proceeding? It was clear that the court felt that this was a colorable, barely attempt to avoid a legitimate obligation that had already been tried and litigated and lost. I suppose the judge did feel that. We argued that, that it wasn't colorable, that we have a backpack, or to give it a name, versus a vest, and therefore we're doing something different. We had an opinion from counsel. We did this in good faith. On appeal, we are not arguing that prong of the contempt test. We're not arguing what colorable similarity, only because it sort of evolves back into the same point we're making here. We believe the strong point and the focus of argument can be on vest. Okay. Thank you, Mr. Rouse. I'll save you a reasonable time. Thanks. Ms. Sandifer. May it please the court, my name is Joanne Sandifer, and I'm here on behalf of Baskerville Cabellas. I do have an exhibit I'd like to quickly put on the equal to illustrate for the court the devices we're talking about here today. Get a telescope. It's in the brief, isn't it? Comprising means including, right? Comprising means, I think, consisting of. What? Consisting of. Yes, including, certainly. It would seem to be. Including at a minimum the elements there after specified. It means including. It isn't comprehensive. It doesn't mean consisting of, right? The way it's used here, it's comprising at least these elements. So it means including just the elements specified there. It could be more. It could consist of more. Right. So vest should mean what vest is in ordinary parlance, isn't it? That's right, Your Honor. And that is the key to this case. Right. And the problem is what they did didn't include a vest in ordinary parlance. Right. Here the patentee clearly defined the term vest. Whether you consider this language to be preamble or claim notation. How do you define vest? We reach the same result. They define the vest, Your Honor, as a dorsal member comprising a dorsal member and shoulder support means and fabric to be worn on the upper torso of the user. At least. At least. But you have a dorsal member. You have the shoulder support. So there you are. I believe that's the answer, Your Honor. All three of the elements are present. The original infringing device, which is shown here on the right, and the item that's here in dispute. The original infringing device is on the left, isn't it? Yes. On the left is the... That's the original infringing device. They took the arm pieces off, the front pieces. Right. The only difference between the two, Your Honor, is these pouches, which are attached to the straps. Right. That's where you put your shells and your, you know, your duck whistle and all those things. And this cabal is admitted to the infringing device. Yeah. The only thing they did was take off these front pouches. Well, the only thing they say they did was take off the vest and that your claim requires a vest. If this claim had said a vest comprising a pocket, would you say that the pocket defines the vest? I would say it's probably an essential element of the vest. Well, yeah, but would it define the vest? That's my question. I believe in that case it would. It would. So comprising in that situation means consisting of. Well, at least it would be an essential element of it. Well, of course, but that's different than saying it's the be-all and end-all. We have lots of claims which say such and such comprising, and we've always held, unless you can show me otherwise, that comprising means that the following, the elements following the word comprising are included. Right. The words following comprising are not a definition of the device itself, right? It's true, Your Honor, but there are elements that must be included to constitute the word. But you still, under that theory you just agreed to, you have to have something which is a vest, and you can't look at what comes after the word comprising to define what a vest is. Well, I think in this case the patentee clearly set forth what he intended the vest to be, what elements he determined were necessary to comprise the vest. At least, he said, my vest will at least have these two things. At least have fabric covering the user's back. It does not say fabric on people. What Judge Dyke is saying, he's saying my vest, my vest, will have at least these two things, but it will still be a vest. That's certainly our position, Your Honor. Well, I don't think that is your position. Is it? It's our position that the patentee here, as his own lexicographer, he said that our vest will at least have a dorsal member, shoulder support, and fabric on the upper torso. He did not say, as Cabela's argued, that there needs to be fabric on the front, just on the upper torso. You had those two devices hanging by your back door at your hunting lodge, right? You had one of each, you had one of each, and they were hanging on two pegs, and you asked your husband to go get your vest and bring it to you. Which one would he bring? Well, I think we aren't talking here about the ordinary meaning of the two vests. Think he'd bring both or bring only one? I think under, he could be broke, as they are defined here, because both of them have fabric on the upper torso of the user, and that's how the patentee chose to define the term vest. Fabric on the upper torso? Yes, Your Honor. The fabric is the arms? The dorsal member. The shoulder. The fabric along the back. On your back. The fabric along the back is the dorsal member there, and that is the fabric that is on the upper torso of the user. So if he'd said a vest comprising a metal button, that all you'd have to have is a metal button, right? I don't think that would make a whole lot of sense in this situation. No, it wouldn't, but that's your position, isn't it? That what comes after comprising defines what vest means. That is our position here. I think when you take it to that extreme, it just doesn't make sense. What's the stopping point? I think there has to be some bounds of common sense that is the stopping point. And here he defined fabric on the upper torso, which does comport with vests as they are used in the hunting industry. The hunting industry, they don't have to have, even the Cabela's 2003 vest does not have fabric or traditional vests, which one would consider having fabric all along the front. It just has pockets that are on the straps. It's not a traditional vest either, but they both have fabric on the upper portion. I'd like to talk about the bronze patent if we could for a minute and the distinction there. It's Cabela's position that the patent he disclaimed vests without fabric. In order to find that disclaimer, this court has to find that the inventor intentionally and deliberately disclaimed that type of product. And the record simply does not support that contention. If you look at the original patent as submitted, the court was rejected by the patent examiner. And this is reproduced in Cabela's brief, and it is set forth on Joint Appendix 122. The patentee did far more than just replace the word garment with vest. In fact, the words garment and vest are defined the same in both the original patent and as it's amended. Defined the same? How are they defined? They're defined in the way that we discussed, Your Honor, as a fabric to be worn on the upper torso of the user, dorsal member, and shoulder support means. Have you got any case that says what comes after the word comprising defines the invention? No, Your Honor, I don't have a case that says that, but I think as used in this patent, that's clearly what the patentee intended. But what the patentee did here was add a lot more than just the word garment. He replaced the word garment with the word combination vest and pivotal seat. So what the patentee is saying is I'm taking the word garment out and I'm putting in combination vest and pivotal seat. But he never said the seat was a garment. No. The seat is, I think, a different element of the invention. You said he replaced garment with seat, with vest and seat. Yes. He's not saying that they together comprise a garment. He's not saying together they constitute a garment. I think what he's saying is we're getting away from the word garment and we're looking at what this invention really is, which is a combination, it's an integration of the fabric that's worn on the upper torso and the seat member. And then a lot of additional language was added in the amended claim, talking about how the fabric and the seat are connected by straps, how those straps are adjustable, how the seat is adjustable. And Cabelas focuses only on the substitution of the word garment for vest, but the patentee, when he distinguished the prior Brancas patent, noted that the Brancas discloses only a backpack frame, which was convertible into a chair. It does not show the use of straps for supporting the seat member from an upper portion of the dorsal member of the vest, nor does it provide for adjustment of the angular orientation between the seat member and the dorsal member. The framework allows for only one of two positions, a fixed directed position or retracted position. Applicant's claim, on the other hand, cites both the use of straps for support and adjustability of the angular orientation between the seat member and the dorsal member. In other words, the applicant, in distinguishing the prior Brancas patent, was not focusing so much on what constituted the upper portion of the patent, but on the combination of the upper portion of the invention and the seat into which it's integrated, the fact that the seat is supported by straps, which the Brancas patent did not have, the fact that the seat was adjustable, and that the back orientation of the seat could be adjusted, none of which were present in the Brancas patent. So it distinguished the patent on a variety of grounds, not on the basis of what type of garment constituted the upper portion of the patent. Whether or not the easy chair combo constituted a backpack is not the issue here. The issue is whether or not the district court properly determined that the 227 patent requires fabric on the front. And it's our position that the district court properly found that is not required under the plain language of the patent. The drawings and the specifications and the dictionary definitions relied on by Cabello's do not answer the question. The language is clear. And the district court properly relied upon that language when it reached its conclusion. In support of their argument that the easy chair is a backpack, to try and maximize its similarity to the Brancas patent, Cabello's has shown pictures of the item actually worn, the way we would submit it, is backwards, with the chair facing away from the user. And I'd like to submit that, first of all, to the extent that there is any factual conflict  on that issue, we should defer to the district court. And all factual instances should be found in favor of the judge. If you wear it the way you think it ought to be worn, the seat goes back up against the back part, doesn't it? That's correct, Your Honor. And I think probably the best evidence of that is... If you're walking down the street with it on the way you think it ought to be on, it wouldn't have a little jump seat in the back for a kid to sit on. The seat would be tucked up behind you. That's correct, Your Honor. And somebody would say, what a neat backpack. Right. And the difference is that this is a chair to be worn. If you're out hunting and you see your prey, you release that chair and you sit down. Whereas the Brianca's backpack is a frame in which you carry items. Yeah, but that wasn't the way it was distinguished in the prosecution, was it? It actually was, Your Honor. I thought it was distinguished by substituting the word vest. In addition to all the other items that I just went through, in other words, the straps, the adjustment of the straps, and the fact that the patentee specifically talked about the Brianca's being a backpack frame that you carry. And I think that's an important distinction. It's something that you carry. Where was it distinguished on the basis of the seat location? JA-127, the language that I cited a little while ago, Your Honor. The patentee distinguishes it based upon the fact that his invention has these straps, and that these straps can be adjusted, and on the basis of the fact that the back of the chair can be adjusted. These are all— Yeah, but where does he say that the position of the seat, so that you're carrying the seat in the back instead of sitting on it? Oh, I think that's referred to, Your Honor, on page 128. Where he says that it's suggested that the Brianca's patent is not an overly pertinent reference because it merely discloses a folding frame chair, which can also function as a backpack frame. There is no vest or other type of garment to which it attaches. Okay, now where does he tie that? He does not use the word carry, Your Honor. All right, and where does he tie that into the substitution of the word vest? Only by saying that it's not a vest or other type of garment to which it attaches. So he is saying that it's a folding frame chair, which we believe implies a chair that is carried, as the Brianca's pack was carried. And with a chair like that, the Brianca's chair, if you saw your prey, you would have to unload the backpack, turn it around, and sit down on it. Which is entirely different than releasing a switch and sitting down on a chair. Wait, if you've got that thing on, on the right, and the seat is back up against my upper back, how do I push a switch? Do I have to bend over? No, you can just adjust the strap. You can flip the strap, pull the strap up, and sit down. You don't have to take it off. And Cabela's, in fact… I would think you'd have to somehow move the backpack piece away from your back and let the round thing just slide down and scratch your back otherwise. I believe you can just, I don't have the item with me, but I believe that you can just adjust that strap. Pull the chair, you probably have to do a little maneuvering, and pull the chair, and then sit down. And probably the best, I think, evidence of how the Cabela's easy chair is designed to be carried is shown on page JA99, which depicts the chair shown just as I have here, to be folded up against. And this is, the Cabela's submitted this to the record, this is their advertisement when they were marketing this product. It shows the chair folded up against the back with the removable pouch over the back of the item. So again, the chair is facing the user's back. My time is up. Thank you very much. Thank you, Ms. Sandefur. Mr. Ross. Thank you, Your Honors. The depictions that we've seen, both in the poster in the courtroom today, and also in the brief just recently seen, are showing, are depictions in catalogs, and they're for the purpose of showing that this can turn into a seat. There's no depiction, and there's no evidence of how you wear it when you're walking from one site to another, except the pictures that were submitted with a declaration that were unopposed, undisputed at JA155 and 156. That's how the Cabela's easy chair combo is worn. Now, there was a statement made that the seat is not flipped up in the back, as shown on JA156, when it is worn. I have two comments to that. One, again, well, three. The first one is that, again, this was undisputed. The second one is it's not worn flipped up towards the person's back. That would be a line of contact right along the back going crosswise, pretty harmful to the back. Instead, it is flipped up this way to support the carrying bag, and that's what's shown in 156. That's supported on the platform there. The carrying bag is also shown on JA99. It's at the right-hand side of the depiction there. It's also reported in the attorney's opinion at the bottom of the page, the last paragraph on JA158. My colleague told me it was mentioned on JA162. Well, JA162 is sort of interesting. This was an ad for the easy chair combo by its manufacturer, who supplies it to Cabela's. The seat releases down or hooks up in the back, it says, as part of the instructions on how to wear it. Then also pointed out beneath that, just the bullet point just beneath that, is the removable bird bag, and that's the bird bag. That's the bag, the carrying bag, that we're talking about on JA99 and also referred to as shown depicted on JA156. Let me go on to Verenakis. The portion of the prosecution history, that is, the remarks accompanying the amendment that we talked about before that I'm referring to, which distinguished Verenakis as not being a vest or other type of garment, was at JA128. You heard a rendition of other distinctions made from Verenakis. Fine. There are many limitations that were added to the claims in that amendment, one including the presence of adjustable straps brought up from a defendant claim. But the one that we're talking about, the element that we're talking about in the claim is vest, and what does it mean? So another element that was added to the claim, another limitation, was vest. On JA128, it was mentioned again that Verenakis discloses a folding frame chair, which can also function as a backpack frame, the next sentence. Further, there is no vest or other type garment to which it attaches. Again, distinguishing Verenakis as not having a vest or being a garment in terms of the applicant, and we liken ourselves to the Verenakis structure. Any more questions? Okay. Thank you. Thank you, Mr. Ross and Ms. Sandiford. The case is taken into submission.